UNITED STATES of America

v.

Carl Anthony KNIGHT, Appellant.

No. 14–1195.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 and

Consideration of Whether a Certificate of
Appealability is Required May 30, 2014.

Opinion Filed June 10, 2014.

Rebecca R. Haywood, Esq., Office of
United States Attorney, Pittsburgh, PA,
Marshall J. Piccinini, Esq., Office of United
States Attorney, Erie, PA, for United
States of America.

Carl Anthony Knight, White Deer, PA,
pro se.

Before: RENDELL, FISHER and
GREENAWAY, JR., Circuit Judges.

OPINION

PER CURIAM.

In 1999, the District Court sentenced
Appellant Carl Anthony Knight to life im-
prisonment following his conviction for
conspiracy to distribute and possess with
intent to distribute cocaine base. In Janu-
ary 2014, Knight filed a pro se motion with
the District Court, asking the court to
correct a "simple clerical error" in his
judgment of sentence pursuant to Federal
Rule of Criminal Procedure 36.[1] Knight
claimed that "the typist in the clerk['s]
office" had "fail[ed] to check the correct
box [i]n the State[ment] of Reasons" sec-
tion of the judgment.[2] In that section,
there are two boxes. The first box should
have been checked if the court adopted the
factual findings and guideline application
in the presentence report *without excep-
tion.* The second box should have been
checked if the court adopted the factual
findings and guideline application in the
presentence report *with one or more ex-
ceptions.* Knight's judgment of sentence
has the first box checked.

On January 9, 2014, the District Court
denied Knight's Rule 36 motion, conclud-
ing that no clerical error had been made
because the court had, in fact, adopted the
factual findings and guideline application
in the presentence report *without excep-
tion.* This pro se appeal followed.

We have jurisdiction over this appeal
pursuant to 28 U.S.C. § 1291.[3] For the
reason given by the District Court, we
agree with the court's denial of Knight's
Rule 36 motion.[4] Because this appeal does

1. Rule 36 provides that, "[a]fter giving any
   notice it considers appropriate, the court may
   at any time correct a clerical error in a judg-
   ment, order, or other part of the record, or
   correct an error in the record arising from
   oversight or omission." Fed.R. Crim.P. 36.

2. Knight made clear that he was *not* challeng-
   ing the sentence itself or his underlying con-
   viction.

3. Because this appeal is not challenging a
   final order in a proceeding under 28 U.S.C.
   § 2255, Knight does not need to obtain a
   certificate of appealability. *See* 28 U.S.C.
   § 2253(c)(1)(B).

4. Although we have yet to articulate the stan-
   dard for reviewing the denial of a Rule 36
   motion, we need not do so here because this
   appeal fails under any available standard.

not present a substantial question, we will summarily affirm the District Court's January 9, 2014 order. *See* 3d Cir. I.O.P. 10.6.